[Cite as *State v. Rammel*, 2012-Ohio-3724.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                    :        C.A. CASE NOS. 24871, 24872

vs.                                       :        T.C. CASE NOS. 10CR3732
                                                                              11CR435

MATTHEW A. RAMMEL                          :        (Criminal Appeal from
                                                      Common Pleas Court)

    Defendant-Appellant                   :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 17th day of August, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Kirsten A. Brandt, Asst. Pros. Attorney, Atty. Reg. No. 0070162, P.O. Box 972, Dayton, OH   45422
    **Attorneys for Plaintiff-Appellee**

Thomas W. Kidd, Jr., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, OH 45032
    **Attorney for Defendant-Appellant**

· · · · · · · · ·

**GRADY, P.J.:**

{¶ 1} Defendant Matthew Rammel appeals his conviction and sentence for five counts of burglary, 2911.12(A)(3), felonies of the third degree; eleven counts of receiving stolen property, R.C. 2913.51(A), nine of which are misdemeanors of the first degree, one a felony of the fifth degree, and one a felony of the fourth degree; and one count of breaking and entering, R.C. 2911.12(A)(3), a felony of the fifth degree.

{¶ 2} In September and October 2010, Defendant burglarized two homes on

Croftshire Drive in Kettering. In early November, he burglarized two more Kettering homes on Harwich Court. Later that month, Defendant burglarized one of the Croftshire Drive homes for a second time.

{¶ 3} During the course of their investigation, the police located some of the stolen items in area pawn shops. Defendant emerged as a possible suspect.

{¶ 4} With regard to the second burglary on Croftshire Drive, Tauna Floyd reported that jewelry, children's shoes, and a pillowcase were stolen. About an hour after Floyd reported that burglary, Detective Pedro observed Defendant entering his girlfriend's place of employment carrying a pillowcase similar to the one described by Floyd. Detective Pedro then saw Defendant remove necklaces from the pillowcase.

{¶ 5} The police recovered property that had been taken during the burglaries when they executed search warrants at both Defendant's home and at the home of his girlfriend, Summer Jenkins. After the search of Defendant's apartment, Detective Walker informed Defendant that he was under arrest for burglary and receiving stolen property, to which Defendant responded, "[w]hich place?" Detective Walker told Defendant that they would talk about it at the jail.

{¶ 6} Later that day, Detective Pedro went to Jenkins's place of employment to get a key for her apartment. As Detective Pedro talked with Jenkins, Defendant called from the jail. Because Jenkins could not accept the collect call at work, Detective Pedro arranged to allow Defendant to call her back.

{¶ 7} When Defendant called again, Detective Pedro asked Jenkins if he could listen to the conversation. Jenkins agreed. She turned up the volume and held the phone between

them so that Detective Pedro could hear the conversation. Without prompting, Jenkins encouraged Defendant to cooperate with the police. He disagreed, insisting that if he cooperated he could be facing a twenty-year sentence. Defendant encouraged Jenkins not to cooperate either.

{¶ 8} A couple of minutes into the conversation, Jenkins told Defendant that Detective Pedro was with her. Defendant asked to talk to the detective, who picked up the phone and advised Defendant not to say anything, but to wait to talk to Detective Walker. Nevertheless, Defendant blurted, "Listen, Pedro, you know this [is] due to my drugs and the fact that I didn't have any guidance as a kid."

{¶ 9} That afternoon, Detective Walker advised Defendant of his Miranda rights, which Defendant waived. During the ensuing interview, Defendant made several admissions to Detective Walker. After twenty or thirty minutes of questioning, Defendant stated, "I don't want to incriminate myself any more. I just want to remain silent." The interview ended at that point.

{¶ 10} Defendant was indicted in December 2010, on one count each of burglary and receiving stolen property, under Montgomery County Case No. 10-CR-3732. In February 2011, Defendant was indicted under Montgomery County Case Number 11-CR-435 on ten counts of receiving stolen property and three counts of burglary. Later that month, Defendant filed a motion to suppress, which the trial court overruled following a hearing.

{¶ 11} In June 2011, Defendant filed a motion to sever the burglary charges from the receiving stolen property charges. The State opposed Defendant's motion and requested that all of the counts under both case numbers be tried together. The trial court overruled

Defendant's motion to sever and granted the State's motion for joinder of the indictments.

{¶ 12} In August 2011, Defendant was charged under a "B" indictment in Case Number 11-CR-435 with an additional count of burglary. Pursuant to a negotiated plea agreement, Defendant pled no contest to all sixteen of the pending charges in both case numbers in September 2011. In exchange, the State agreed to a sentence within the range of five to eight years. On the day of sentencing, Defendant also pled no contest to a charge of breaking and entering, presented by way of bill of information, with the understanding that his sentence would remain in the five to eight-year range. The trial court sentenced Defendant to an aggregate term of eight years in prison.

{¶ 13} Defendant filed a timely notice of appeal raising four assignments of error, which we will discuss out of order for clearer analysis.

{¶ 14} Defendant's First Assignment of Error:

"THE TRIAL COURT ERRED IN JOINING ALLEGED OFFENSES IN TWO INDICTMENTS AND FAILING TO SEVER THE MULTIPLE OFFENSES AGAINST MR. RAMMEL."

{¶ 15} Defendant filed a motion seeking severance of the five burglary charges from the eleven receiving stolen property charges for which he had been indicted under two different case numbers. The State opposed the motion and asked that all of the charges under both case numbers be tried together. The trial court overruled Defendant's motion to sever and granted the State's motion for joinder.

{¶ 16} We will not reverse a trial court's decision regarding the joinder or severance of charges absent an abuse of discretion. *State v. Lott,* 51 Ohio St.3d 60, 555 N.E.2d 293

(1990). "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 17} Crim.R. 8(A) provides:

> Joinder of offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶ 18} Additionally, a trial court may order that the charges contained in two or more indictments may be tried together if the offenses could have been joined in a single complaint. Crim.R. 13. "The law favors joinder to prevent successive trials, to minimize the possibility of incongruous results in successive trials before different juries, to conserve judicial resources, and to diminish the inconvenience to witnesses." *State v. Broadnax,* 2d Dist. Montgomery App. No. 21844, 2007-Ohio-6584, ¶ 33, citing *State v. Schaim,* 65 Ohio St.3d 51, 58, 600 N.E.2d 661 (1992), and *State v. Torres,* 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (1981).

{¶ 19} Even if offenses are properly joined pursuant to Crim.R. 8(A), a defendant may seek severance of the charges pursuant to Crim.R. 14 if he can establish that joinder will result in material prejudice. *State v. Franklin,* 62 Ohio St.3d 118, 122, 580 N.E.2d 1 (1991). Crim.R. 14 provides:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, information or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(B)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.

{¶ 20} A defendant can demonstrate that his rights would be prejudiced by demonstrating that the jeopardy to his right to a fair trial is so great that it outweighs the considerations favoring joinder of the offenses. *See, e.g., State v. Sherman,* 1st Dist. Hamilton App. No. C-860596, 1987 WL 12738. However, one of the ways in which the State is able to negate a defendant's claim of prejudice is by showing that the evidence pertaining to each crime joined at trial is simple and direct, such that the trier of fact could

segregate the proof on each of the multiple charges. *Lott; Torres; State v. Rutledge,* 2d Dist. Montgomery App. No. 18462, 2001 WL 587555. The purpose of this "joinder test" is to prevent the jury from confusing the offenses or improperly cumulating the evidence of the various crimes. *Lott; Rutledge.*

**{¶ 21}** Defendant argues on appeal that the trial court abused its discretion in refusing to sever the burglary charges from the receiving stolen property charges. He concludes that the trial court "seemed to minimize the issue of fairness * * * while emphasizing the enhancement of judicial efficiency and economy that would be gained in granting joinder and denying severance." We disagree.

**{¶ 22}** Joinder was appropriate in this case because all of the burglary and receiving stolen property offenses at issue were of the same or similar character. The offenses were committed within a few months time and occurred within the same residential area of Kettering in which Defendant lived. Additionally, the offenses involved a common scheme, plan, or course of criminal conduct. *Broadnax,* at ¶ 34, citing *State v. Glass,* 2d Dist. Greene App. No. 2000CA74, 2001 WL 228453. Finally, the State's evidence appears to have been simple and direct, and therefore unlikely to have been confusing to a jury. For these reasons, we cannot find that the trial court abused its discretion when it denied Defendant's motion to sever the charges and granted the State's motion for joinder.

**{¶ 23}** Defendant's first assignment of error is overruled.

**{¶ 24}** Defendant's Third Assignment of Error:

"THE TRIAL COURT ERRED IN FAILING TO SUPPRESS STATEMENTS MADE BY MR. RAMMEL TO HIS GIRLFRIEND WHICH WERE OVERHEARD BY AN AGENT OF

THE GOVERNMENT."

{¶ 25} When considering a motion to suppress, the trial court assumes the role of the trier of facts and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Id.*

{¶ 26} R.C. 2953.52(B)(3) provides that a law enforcement officer may intercept an electronic communication without a warrant so long as "one of the parties to the communication has given prior consent to the interception." *See, e.g., State v. Geraldo,* 68 Ohio St.2d 120, 429 N.E.2d 141 (1981), citing *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).

{¶ 27} The trial court found Detective Pedro's testimony that Jenkins agreed to let him listen to her telephone conversation with Defendant to be credible. In fact, Jenkins turned up the volume on the phone and held the receiver so that both she and the detective could hear Defendant. Nevertheless, Defendant claims that Jenkins did not voluntarily consent to the interception. However, Defendant points to no evidence in the record that would lead us to believe that Jenkins's consent was not voluntarily given, nor do we see any.

{¶ 28} Defendant's third assignment of error is overruled.

{¶ 29} Defendant's Second Assignment of Error:

"THE TRIAL COURT HAD NO AUTHORITY TO SENTENCE MR. RAMMEL TO

CONSECUTIVE TERMS IN PRISON."

{¶ 30} Defendant's Fourth Assignment of Error:

"THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES OF SENTENCING AND RECIDIVISM OF THE OFFENDER IN SENTENCING MR. RAMMEL TO EIGHT YEARS IN PRISON."

{¶ 31} In his second and fourth assignments of error, Defendant argues that his eight-year sentence was both contrary to law and an abuse of discretion.

{¶ 32} Agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 33} Defendant agreed to a five to eight-year sentence, both Defendant and the State jointly recommended that sentence, and the trial court imposed the jointly recommended sentence. Because the most serious offense with which Defendant was charged is a third-degree felony with a maximum possible sentence of three years, R.C. 2929.14(A)(3), consecutive sentences were necessary to achieve the five to eight-year aggregate sentence to which Defendant agreed. Under these circumstances, Defendant's agreed-upon sentence is not reviewable on appeal.

{¶ 34} Defendant's second and fourth assignments of error are overruled.

{¶ 35} All four of Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Kirsten A. Brandt, Esq.
Thomas W. Kidd, Jr., Esq.
Hon. William B. McCracken
Hon. Mary Wiseman