[Cite as *State v. Rammel*, 2014-Ohio-1281.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 25899 |
| Plaintiff-Appellee | : | 25900 |
| | : | |
| v. | : | Trial Court Case Nos. 10-CR-3732 |
| | : | 11-CR-435 |
| MATTHEW RAMMEL | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 28th day of March, 2014.

· · · · · · · · · ·

MATHIAS  H.  HECK,  JR.,  by  CARLEY  J.  INGRAM,  Atty.  Reg.  #0020084,  Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box
972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS H. HAHN. Atty. Reg. #0086858, Post Office Box 341688, Beavercreek, Ohio 45432
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}   Defendant-appellant Matthew Rammel appeals from his re-sentencing on multiple

convictions for burglary, receiving stolen property, and breaking and entering.   We affirmed the

judgment of the trial court in Rammel's direct appeal. *State v. Rammel* , 2d Dist. Montgomery Nos. 24871, 24872, 2012-Ohio-3724 (*Rammel I*). Later, in Rammel's  reopened appeal, *State v. Rammel*, 2d Dist, Montgomery Nos. 24871, 24872, 2013-Ohio–3045 (*Rammel II*), he contended that his sentence was contrary to law and void because the trial court failed to sentence him pursuant to the reduced penalties and required findings for consecutive sentences in 2011 Am.Sub.H.B. No. 86 (H.B.86). We concluded that the trial court's failure to apply H.B. 86 to Rammel resulted in a sentence that was contrary to law and void. Accordingly, we vacated the sentencing portion of the trial court's judgment and remanded each of his two cases for re-sentencing. He subsequently was re-sentenced and now files two appeals, one for each trial court case, which have been consolidated.

{¶ 2}   In each case, Rammel's assigned counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has not found any assignments of error having arguable merit. He also filed a motion to withdraw as counsel. We notified Rammel of the *Anders* filings and advised him of his right to file his own brief. He has not done so.

The Course of Proceedings

{¶ 3}   Rammel had been charged with multiple counts in the two cases. Pursuant to a negotiated plea agreement, he originally pled no contest to sixteen pending charges in both case numbers. In exchange, the State agreed to a prison sentence within the range of five to eight years. On the day of sentencing, Rammel also pled no contest to a charge of breaking and entering, presented by way of bill of information, with the understanding that his sentence would remain in the five-to-eight-year range. The trial court sentenced him to an aggregate term of eight

years on a total of seventeen charges.

{¶ 4}   Upon remand for re-sentencing with the application of H.B. 86, in case number 2010 CR 3732 the trial court imposed a sentence of thirty-six months for burglary, a third-degree felony, and a sentence of twelve months for receiving stolen property, the level of which changed under H.B. 86 from a fourth-degree felony to a fifth-degree felony. These sentences were imposed concurrently for an aggregate sentence of thirty-six months, but that thirty-six-month term was ordered to be consecutive to the sentence imposed in case number 2011 CR 435.

{¶ 5}   In case number 2011 CR 435, the court imposed sentences on nine counts of receiving stolen property, each a first-degree misdemeanor, of 180 days in jail. These sentences were ordered to be served   concurrently with each other and concurrently with the other offenses. There was one count of receiving stolen property with a value of $5,000.00 or more, the level of which changed under H.B. 86 from a fourth-degree felony to a fifth-degree felony, and the court imposed a twelve-month sentence. There were three counts of burglary in the original indictment, each a third-degree felony, for each of which the court imposed a sentence of thirty-six months. There was one count of burglary, a third-degree felony, in the "B" indictment dated August 12, 2011, for which the court imposed a sentence of thirty-six months. All sentences in the indictments were ordered to be served concurrently with each other, resulting in a thirty-six month sentence. There was one count of breaking and entering, the one charge   presented by bill of information, a felony of the fifth degree, for which the court imposed a twelve-month sentence. This twelve-month sentence was ordered to be served consecutively with the indicted offenses, resulting in an aggregate forty-eight month sentence under this case number. Finally, the court ordered the sentences in this case to be served consecutively with those imposed in case

number 2010 CR 3732, resulting in a total sentence of seven years in prison.

{¶ 6}   When imposing the sentences at the re-sentencing, the court prefaced the sentences with this statement: "So in considering the purposes and principles of sentencing and the seriousness and recidivism factors of the revised code, including using the minimum sanctions necessary to accomplish those purposes without unnecessarily burdening governmental resources * * *." (T. 6) The court further stated:

> And with regard to the imposition of the consecutive sentences, the Court would make the findings that the consecutive service is necessary to protect the public from future crime or to punish the offender. The consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.

> And the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing or was under a sanction imposed pursuant to Revised Code 2929.16, 17, 18 or was on PRC or at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. And the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender.

(T. 8-9).

{¶ 7}   The sentencing transcript also reveals that the court imposed post-release control

applicable to each offense. Restitution to the victims of the offenses was ordered. Rammel was informed that he was eligible to earn days of credit by participation in certain prison programs. Court costs were imposed, and the defendant was informed he could be required to perform community service if he failed to pay court costs. He was advised of his appellate rights.

### No Potential Assignments of Error Noted

{¶ 8} Appellate counsel did not identify any potential assignments of error with arguable merit. We have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the various filings, our mandate from the previous appeal, the written transcript of the sentencing, and the sentencing entry.

{¶ 9} The only issue before the trial court was that of re-sentencing. In that regard, the trial court indicated that it had considered the purposes and principles of sentencing. Each of the sentences is within the statutory range applicable to the various offenses. The trial court complied with R.C. 2929.14(C)(4) with regard to the findings required to impose consecutive sentences. Rammel was properly informed of post-release control, and it was incorporated into the entry. Restitution and court costs were properly imposed. Rammel was informed of his appellate rights and exercised them. We are simply unable to find any non-frivolous issues to address.

{¶ 10} We note that at the re-sentencing, counsel for Rammel pointed out that the major difference between Rammel's charges as originally sentenced and the re-sentencing under H.B. 86 was that maximum sentences for the burglary charges was 36 months rather than the five years that he had previously received.[1] Counsel then argued that Rammel's new sentences should

---

[1] Under H.B. 86 a burglary conviction could result in a maximum penalty of five years if the offender had certain prior convictions but that does not apply here.

simply be 2 years shorter than before by making the burglary sentences 36 months rather than five years. Nonetheless the trial court fashioned the sentences as previously stated. We fail to find that defense counsel's argument at the re-sentencing raises any issue with arguable merit for appeal. Our previous reversal found that the entire sentence was void. Therefore the trial court had to start anew. We have already indicated that the new sentences were within the statutory ranges and that the applicable sentencing statutes were followed. Perhaps more importantly, Rammel's aggregate sentence range had been agreed to by the parties. In *Rammel I* we stated: "Agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides: 'A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.' " *Rammel*, 2012-Ohio-3724, ¶ 32, supra. That statute still applies here. Given that the new sentences are authorized by law, and that we found no issues with arguable merit in the re-sentencing itself, and the prohibition from review of an agreed sentence, we find there is no arguable merit to the contention that the trial court should have simply reduced the aggregate sentence by two years upon remand.

{¶ 11} We have found no potential assignments of error having arguable merit. Accordingly, we grant counsel's motion to withdraw, find that this appeal is wholly frivolous, and affirm the trial court's judgment.

. . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Thomas H. Hahn
Matthew Rammel
Hon. Mary L. Wiseman