[Cite as *State v. Walz*, 2014-Ohio-4712.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   26131 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No.   09 CR 1959 |
| v. | : | |
| | : | |
| GREGORY L. WALZ | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

MATHIAS  H.  HECK,  JR.,  by  APRIL  F.  CAMPBELL,  Atty.  Reg.  #0089541,  Assistant
Prosecuting Attorney, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GREGORY  L.  WALZ,  Inmate  No.  618-384-WD-116,  Madison  Correctional  Institution,  1851
State Route 56, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

        {¶ 1}    Gregory Walz appeals pro se from the trial court's denial of his post-sentence

Crim.R. 32.1 motion to withdraw his guilty pleas.

{¶ 2} Walz advances three assignments of error. First, he contends the trial court erred in denying his motion without findings of fact or conclusions of law. Second, he claims the trial court erred in denying the motion without an evidentiary hearing. Third, he asserts that the trial court erred in denying the motion where the sentence he received was not authorized by law.

{¶ 3} The record reflects that Walz was indicted in 2009 on charges of felonious assault (two counts), vandalism, and failure to comply with an order or signal of a police officer. He pled guilty to the charges but moved to vacate the plea before sentencing. Following a hearing, the trial court overruled Walz's motion. It merged the felonious assault convictions and imposed an aggregate eight-year prison term. This court affirmed on direct appeal. *State v. Walz*, 2d Dist. Montgomery No. 23783, 2011-Ohio-1270 ("*Walz I*"). Thereafter, Walz was permitted to reopen his appeal to raise additional issues.

{¶ 4} In the reopened appeal, this court reversed a felonious assault and failure-to-comply conviction based on the trial court's failure to properly advise Walz of a mandatory driver's license suspension. *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627 ("*Walz II*"). This court also found reversible error in the premature disapproval of transitional control. On reconsideration, this court later agreed with Walz that the trial court's failure to advise him about the license suspension warranted reversal of all of his convictions. On remand, the State nolled the vandalism charge and Walz entered new guilty pleas to two counts of felonious assault and one count of failure to comply. The trial court again merged the felonious assault convictions. It imposed a five-year sentence for felonious assault and a consecutive one-year sentence for failure to comply. Waltz did not appeal.

{¶ 5} About five months later, however, he filed a pro se Crim.R. 32.1 motion to

withdraw his guilty pleas. (Doc. #105). He argued that his counsel was ineffective at sentencing for (1) standing mute during his allocution, (2) failing to object to a lack of consecutive-sentence findings on the felonious assault and failure-to-comply charges, and (3) failing to file an affidavit of indigency and to seek a waiver of costs and restitution at sentencing. The trial court overruled the motion in a brief decision, order, and entry. It reasoned:

> Defendant, Gregory Walz, was sentenced to an agreed upon prison term of six years. The sentencing agreement was fully explained to Mr. Walz during the sentencing hearing. Further, the plea hearing fully complied with Ohio R. Crim. P. 11. Mr. Walz, in short, has not demonstrated the requisite manifest injustice necessary to allow withdrawal of a plea of guilty after a sentence has been imposed. Accordingly, Defendant Gregory Walz's motion is overruled.

(Doc. #110).

**{¶ 6}** In his first assignment of error, Walz contends the trial court erred in failing to support its ruling with written findings of fact and conclusions of law. This assignment of error is foreclosed by our recent opinion in *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431. There we held that findings of fact and conclusions of law are not required when a trial court rules on a Crim.R. 32.1 motion to withdraw a plea.[1] *Id.* at ¶ 7. Moreover, as in *Ogletree*, the trial court's written decision here adequately explained why it found Walz not entitled to relief. Accordingly, the first assignment of error is overruled.

**{¶ 7}** In his second assignment of error, Walz challenges the trial court's denial of his

---

[1] In his brief, Walz cites case law dealing with post-conviction relief petitions under R.C. 2953.21. Here, however, he plainly filed a Crim.R. 32.1 motion to withdraw his guilty pleas and alleged the requisite "manifest injustice." (Doc. #105 at 1).

motion without an evidentiary hearing. Again, we find no error. A trial court may grant a post-sentence motion to withdraw a plea under Crim.R. 32.1 only to correct a manifest injustice. *Ogletree* at ¶ 12. A hearing on such a motion is not required where the facts alleged, even if true, would not entitle the movant to relief. *Id.* at ¶ 13.

{¶ 8} Here the manifest injustice Walz alleged was ineffective assistance of trial counsel. (Doc. #105 at 1). Specifically, he alleged that his *guilty pleas* were not entered knowingly, intelligently, and voluntarily because he was deprived of effective assistance of counsel *at sentencing*. As set forth above, he claimed counsel, at sentencing, failed to allocute on his behalf, failed to object to a lack of consecutive-sentence findings, and failed to challenge the imposition of court costs and restitution. (*Id*.).

{¶ 9} The foregoing sentencing-related arguments have nothing to do with the guilty pleas that preceded sentencing. Even if we assume, arguendo, the existence of some error or ineffective assistance of counsel at sentencing, those issues fail to establish a manifest injustice warranting withdrawal of the guilty pleas themselves. Walz's arguments are not even directed toward the pleas, which were the only proper subject of his Crim.R. 32.1 motion. *Ogletree* at ¶ 19-20 (finding that the trial court's alleged failure to make consecutive-sentence findings did not constitute grounds for withdrawing a plea under Crim.R. 32.1). Because Walz has not demonstrated entitlement to withdraw his guilty pleas even if his allegations are true, the trial court was not required to hold an evidentiary hearing. The second assignment of error is overruled.

{¶ 10} In his third assignment of error, Walz contends the trial court erred in denying his motion where his sentence was not authorized by law. Although he apparently concedes that he

agreed to his six-year sentence, he argues that the trial court still was obligated to make statutorily-required findings to run his five-year sentence and his one-year sentence consecutively. Once again, however, this sentencing argument has nothing to do with whether Walz entered his guilty pleas knowingly, intelligently, or voluntarily. Therefore, he has not demonstrated a manifest injustice warranting withdrawal of the pleas.[2] *Ogletree* at ¶ 19-20. Accordingly, the third assignment of error is overruled.

**{¶ 11}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
April F. Campbell
Gregory L. Walz
Hon. Michael L. Tucker

---

[2] In *Ogletree*, we held that an argument about a lack of consecutive-sentence findings could not be raised in the context of a Crim.R. 32.1 motion to withdraw a guilty plea. We further opined that the issue could have been raised in a direct appeal and, therefore, that res judicata also precluded it from being raised in a post-judgment context. *Ogletree* at ¶ 21-22. In another recent case, this court held that the absence of required consecutive-sentence findings renders the sentence imposed contrary to law and "not merely voidable, but void." *State v. Rammel*, 2d Dist. Montgomery Nos. 24871, 24872, 2013-Ohio-3045, ¶ 19(*Rammel II*). However, in *State v. Rammel*, 2d Dist. Montgomery Nos. 25899, 25900, 2014-Ohio-1281 (*Rammel III*), we further recognized, citing R.C. 2953.08(D)(1), that an agreed sentence is not reviewable on appeal. Id., ¶10. And, we have recently held that findings to justify a consecutive sentence are unnecessary when the sentence is an agreed sentence. *State v. Weese,* 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5. But regardless of whether res judicata would apply, we agree with *Ogletree* that a lack of consecutive-sentence findings does not constitute grounds for withdrawing a plea under Crim.R. 32.1, which is the only issue before us. Parenthetically, we note too that Walz has failed to provide us with a transcript of his most recent sentencing hearing. Therefore, the record does not reflect that the trial court did fail to make consecutive-sentence findings. In the absence of a transcript, we presume regularity below. *Ogletree* at ¶ 15.