[Cite as *State v. Turner*, 2016-Ohio-3200.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26801 |
| | : | |
| v. | : | T.C. NO. 14CR2504 |
| | : | |
| EDWARD L. TURNER | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___27th___ day of ___May___, 2016.

. . . . . . . . . .

MEAGAN D. WOODALL, Atty, Reg. No. 0093466, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

EDWARD L. TURNER, #711-599, Madison Correctional Institution, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant, Edward L. Turner, acting pro se, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, denying his motion to withdraw his guilty plea. Turner filed a timely notice of appeal with this Court on August 17, 2015.

{¶ 2} On August 27, 2014, Turner was indicted for the following offenses, to wit: I)

felonious assault (serious physical harm), in violation of R.C. 2903.11(A)(1), a felony of the second degree; II) felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2), a felony of the second degree; III) having a weapon while under disability (prior offense of violence), in violation of 2929.13(A)(2), a felony of the third degree; IV) tampering with evidence (alter/destroy), in violation of R.C. 2921.12(A)(1), a felony of the third degree; and V) having a weapon while under disability (prior drug conviction), in violation of R.C. 2929.13(A)(3), a felony of the third degree.  Both counts of felonious assault were accompanied by mandatory three-year firearm specifications.  At his arraignment on September 2, 2014, Turner pled not guilty to all of the charges in the indictment.

{¶ 3} Thereafter, on November 26, 2014, Turner pled guilty to tampering with evidence (alter/destroy), as well as both counts of having a weapon while under disability. In return for his guilty plea, the State agreed to dismiss both counts of felonious assault and their attendant firearm specifications.  Turner and the State also agreed that his aggregate sentence would range between three and five years for the three guilty pleas. The trial court accepted Turner's pleas and found him guilty on all three counts.

{¶ 4} On December 11, 2014, the trial court merged the two convictions for having a weapon while under disability.  The trial court then sentenced Turner to 36 months in prison for the merged count of having a weapon while under disability and 24 months for tampering with evidence.  The trial court ordered that the sentences be served consecutively for an aggregate prison term of five years (60 months).  Turner's judgment entry of conviction was filed on December 16, 2014.  The record establishes that Turner did not file a direct appeal of his conviction and sentence.

{¶ 5} However, approximately seven months later on July 10, 2015, Turner filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. In his motion to withdraw, Turner argued that his counsel was ineffective for not objecting when the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences. In a decision issued on July 22, 2015, the trial court denied Turner's motion to withdraw.

{¶ 6} It is from this judgment that Turner now appeals.

{¶ 7} As they are all interrelated, Turner's three assignments of error will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN GRANTING THE STATE OF OHIO A SUMMARY JUDGMENT IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT, U.S. CONSTITUTION, AS WELL AS ARTICLE 1, S/S10, OHIO CONSTITUTION."

{¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN NOT ORDER [sic] AND CONDUCTING AN EVIDENTIARY HEARING BEFORE ENTERING JUDGMENT IN THE CASE IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED UNDER THE OHIO AND U.S. CONSTITUTION."

{¶ 10} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT NOT TO MODIFY DEFENDANT-APPELLANT'S FIVE (5) YEAR SENTENCE TO A JUDGMENT OF THREE (3) YEARS IN VIOLATION OF HIS ABSOULTE RIGHT TO PROCEDURAL PROCESS OF LAW."

{¶ 11} In the instant appeal, Turner contends that the trial court erred when it denied his post-sentence motion to withdraw his guilty pleas. Specifically, Turner argues that his motion to withdraw should have been granted because his trial counsel failed to object when the trial court imposed consecutive sentences without first making the requisite statutory findings under R.C. 2929.14(C)(4). Turner also asserts that the trial court should have held an evidentiary hearing during which he could have presented documentation to support his motion to withdraw. Lastly, Turner argues that because the trial court failed to make the proper findings under R.C. 2929.14(C)(4), "he was presumed to be entitled to concurrent sentences that totaled no more than thirty-six (36) months rather than the sixty (60) months imposed."

{¶ 12} We review a trial court's decision on a post-sentence motion to withdraw a guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion. *Xenia v. Jones,* 2d Dist. Greene No. 07–CA–104, 2008–Ohio–4733, ¶ 6; *State v. Perkins,* 2d Dist. Montgomery No. 25808, 2014–Ohio–1863, ¶ 27. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011–Ohio–5070, ¶ 16, quoting *State v. Beechler,* 2d Dist. Clark No. 09–CA–54, 2010–Ohio–1900, ¶ 62. (Other citation omitted.) "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 13} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of

establishing a manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002–Ohio–2278, ¶ 7, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks,* 2d Dist. Montgomery No. 23385, 2010–Ohio– 1682, ¶ 8, quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, a post sentence motion to withdraw is allowable only in extraordinary cases. *Smith* at 264.

{¶ 14} "A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea." *State v. Mogle,* 2d Dist. Darke Nos. 2013–CA–4, 2013–CA–5, 2013–Ohio–5342, ¶ 17, quoting *State v. Burkhart,* 2d Dist. Champaign No. 07–CA–26, 2008–Ohio–4387, ¶ 12. In other words, "[t]o obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]' " *State v. Tunstall,* 2d Dist. Montgomery No. 23730, 2010–Ohio–4926, ¶ 9, quoting *State v. Whitmore,* 2d Dist. Clark No. 06–CA–50, 2008–Ohio–2226, ¶ 11. "[W]e have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." (Citations omitted.) *State v. Stewart,* 2d Dist. Greene No. 2003–CA–28, 2004–Ohio–3574, ¶ 6.

{¶ 15} We recently addressed a strikingly similar situation in *State v. Walz,* 2d Dist. Montgomery No. 26131, 2014-Ohio-4712, wherein the defendant entered guilty pleas to

two counts of felonious assault and one count of failure to comply. *Id.* at ¶ 4. The trial court merged the felonious assault convictions. *Id.* It then imposed a five-year sentence for felonious assault and a consecutive one-year sentence for failure to comply. *Id.* The defendant did not appeal. *Id.* Approximately five months later, the defendant filed a pro se Crim.R. 32.1 motion to withdraw his guilty pleas. *Id.* at ¶ 5. Pertinent to the instant appeal, the defendant argued that his counsel was ineffective at sentencing for failing to object to a lack of consecutive-sentence findings on the felonious assault and failure-to-comply charges. *Id.*

{¶ 16} Ultimately, we affirmed the judgment of the trial court denying the defendant's motion to withdraw, stating as follows:

Here the manifest injustice Walz alleged was ineffective assistance of trial counsel. Specifically, he alleged that his *guilty pleas* were not entered knowingly, intelligently, and voluntarily because he was deprived of effective assistance of counsel *at sentencing.* As set forth above, he claimed counsel, at sentencing, * * * failed to object to a lack of consecutive-sentence findings * * *.

The foregoing sentencing-related arguments have nothing to do with the guilty pleas that preceded sentencing. Even if we assume, arguendo, the existence of some error or ineffective assistance of counsel at sentencing, those issues fail to establish a manifest injustice warranting withdrawal of the guilty pleas themselves. Walz's arguments are not even directed toward the pleas, which were the only proper subject of his Crim.R. 32.1 motion. [*State v. Ogletree,* 2d Dist. Clark No. 2014–

CA–16, 2014–Ohio–3431,] ¶ 19–20 (finding that the trial court's alleged failure to make consecutive-sentence findings did not constitute grounds for withdrawing a plea under Crim.R. 32.1). Because Walz has not demonstrated entitlement to withdraw his guilty pleas even if his allegations are true, the trial court was not required to hold an evidentiary hearing. *Walz* at ¶ 8-9.

**{¶ 17}** Initially, we note that the transcript of the sentencing hearing clearly indicates that the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4) before it imposed consecutive sentences. Additionally, on December 15, 2014, the trial court issued a "Supplemental Termination Entry: Findings in Support of Consecutive Sentences" in which it journalized its findings pursuant to R.C. 2929.14(C)(4) in support of its decision to impose consecutive sentences. Moreover, the parties agreed to a sentence within the range of three to five years. Nevertheless, Turner's sentencing argument has nothing to do with whether he entered his guilty pleas knowingly, intelligently, or voluntarily. *Walz* at ¶ 10. Therefore, in accordance with our prior holding in *Walz*, we find that Turner has not demonstrated a manifest injustice warranting withdrawal of his guilty pleas, and the trial court did not err when it declined to hold an evidentiary hearing on his motion to withdraw.

**{¶ 18}** Lastly, we reiterate that in *Ogletree,* we held that an argument about a lack of consecutive-sentence findings could not be raised in the context of a Crim.R. 32.1 motion to withdraw a guilty plea. We further opined that the issue could have been raised in a direct appeal and, therefore, that res judicata also precluded it from being raised in a post-judgment context. *Ogletree* at ¶ 21–22. In another recent case,

this court held that the absence of required consecutive-sentence findings renders the sentence imposed contrary to law and "not merely voidable, but void." *State v. Rammel,* 2d Dist. Montgomery Nos. 24871, 24872, 2013–Ohio–3045, ¶ 19 (*Rammel II*). However, in *State v. Rammel,* 2d Dist. Montgomery Nos. 25899, 25900, 2014–Ohio–1281 (*Rammel III* ), we further recognized, citing R.C. 2953.08(D)(1), that an agreed sentence is not reviewable on appeal. *Id.* at ¶ 10. And, we have recently held that findings to justify a consecutive sentence are unnecessary when the sentence is an agreed sentence. *State v. Weese,* 2d Dist. Clark No. 2013–CA–61, 2014–Ohio–3267, ¶ 5; *accord State v. Sergent,* -- Ohio St.3d --, 2016-Ohio-2696 (a trial court judge is not required to make a separate consecutive-sentence finding if presented with a jointly recommended sentence that contains consecutive sentences). But regardless of whether res judicata would apply, we agree with *Ogletree* that a lack of consecutive-sentence findings does not constitute grounds for withdrawing a plea under Crim.R. 32.1, which is the only issue before us.

**{¶ 19}** Turner's first, second, and third assignments of error are overruled.

**{¶ 20}** All of Turner's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Meagan D. Woodall
Edward L. Turner
Hon. Mary L. Wiseman