[Cite as *State v. Pulliam*, 2017-Ohio-127.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA3759 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| LENWARD PULLIAM, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 01/13/17** |

_____
APPEARANCES:

Lenward Pulliam, London, Ohio, Pro Se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment denying Appellant Lenward Pulliam's motion for re-sentencing. On appeal, Appellant contends that 1) the trial court erred by failing to make the statutory findings required before imposing consecutive sentences; 2) the trial court erred in failing to grant his motion for re-sentencing and by failing to hold a merger hearing as to counts three and five; and 3) the trial court erred by not making findings as to the major drug offender portion of his sentence. We find all of Appellant's arguments are barred by the doctrine of

res judicata and we do not reach the merits of this case.  Accordingly, the decision of the trial court is affirmed.

FACTS

**{¶2}** We set forth the facts as determined previously in Appellant's direct appeal of this matter.  Appellant, Lenward Pulliam, was indicted on February 1, 2013 on a multi-count felony indictment containing thirteen felony counts involving possession and trafficking in drugs (cocaine, heroin, oxycodone, oxymorphone, hydrocodone, and alprazolam), as well as one count of tampering with evidence.  As a result of plea negotiations, Appellant entered into a plea agreement that included an agreed sentence of eighteen years, which required Appellant to plead guilty to two of the first-degree felony counts (trafficking in heroin and trafficking in oxycodone, with a major drug offender specification), in exchange for the State's dismissal of the remaining eleven counts contained in the indictment.  Upon the acceptance of Appellant's guilty pleas, the trial court sentenced Appellant, as recommended and agreed, to eighteen years in prison, which consisted of an eleven-year term and a seven-year term, to be served consecutively.

**{¶3}** Appellant appealed his convictions and sentences, arguing that the trial court erred when it imposed consecutive sentences without making

the required findings pursuant to R.C. 2929.14.  He also raised an ineffective assistance of counsel argument, claiming that his counsel failed to argue strong, mitigating factors at sentencing.  We found that because Appellant's sentence was imposed pursuant to a negotiated plea agreement which included an agreed sentence, it was not subject to appellate review under R.C. 2953.08(D), and therefore we overruled both of Appellant's assignments of error and affirmed the decision of the trial court. *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759, ¶ 2.

{¶4} Thirteen months later, Appellant filed a motion in the trial court entitled "Defendant's Motion for Re-Sentencing Pursuant to Crim.R. 52(B) Sentence Contrary to Law failing to hold a Merger Hearing."  Appellant's motion contained three arguments.  The first argument related to the trial court's imposition of consecutive sentences.  The second argument related to the trial court's imposition of consecutive sentences for what Appellant claimed were allied offenses of similar import, without holding a merger hearing.  Appellant's third argument claimed that the trial court failed to make necessary findings before imposing sentence on the mandatory drug offender portion of Appellant's sentence.

{¶5} On May 24, 2016, the trial court issued a judgment entry denying Appellant's motion for re-sentencing.  The trial court denied Appellant's

consecutive sentencing and mandatory drug offender arguments on their

merits and held that Appellant's allied offenses argument was barred by res

judicata as it should have been raised on direct appeal.  It is from this order

that Appellant now brings his current appeal, setting forth three assignments

of error for our review.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED BY FAILING TO MAKE
        STATUTORY FINDINGS AS TO THE CONSECUTIVE
        SENTENCES, PURSUANT TO R.C. 2929.14(C)(4) WHEN
        IMPOSING CONSECUTIVE SENTENCES.

II.     THE TRIAL COURT ERRED IN FAILING TO GRANT
        DEFENDANT'S MOTION FOR RE SENTENCING [SIC]
        PURSUANT TO CRIM.R. 52(B) SENTENCE CONTRARY TO
        LAW AND BY FAILING TO HOLD A MERGER HEARING AS
        TO COUNTS {3} THREE AND COUNTS {5} FIVE OF THE
        INDICTMENT.

III.    THE TRIAL COURT ERRED BY NOT MAKING FINDINGS AS
        TO THE MAJOR DRUG OFFENDERS [SIC] SENTENCE,
        PURSUANT TO R.C. 2929.19 AT SENTENCING."

## STANDARD OF REVIEW

{¶6} As Appellant's current appeal stems from the trial court's denial

of his post-conviction motion for re-sentencing, and because each of his

current arguments challenge the trial court's imposition of sentence in

connection with his original convictions, we set forth our standard of review

when reviewing felony sentences.  When reviewing felony sentences we

apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 40; *State v. Marcum*, 2016-Ohio-1002, ——N.E.3d ——, ¶ 1.  R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." *Id*.

### ASSIGNMENT OF ERROR I

{¶7} In his first assignment of error, Appellant contends that the trial court erred by failing to make the statutory findings required by R.C. 2929.14 before imposing consecutive sentences.  The State contends that Appellant's argument is barred by the doctrine of res judicata, as the argument was already raised in Appellant's direct appeal.  Based upon the following, we agree with the State.

{¶8} The current appeal stems from the denial of a post-conviction motion for re-sentencing.  A review of the record indicates that Appellant raised an argument identical to this argument in his direct appeal of this matter.  As noted above, we denied the argument based upon the fact that Appellant's consecutive sentences were imposed pursuant to a negotiated

plea agreement, which included an agreed sentence, and as such was not subject to appellate review under R.C. 2953.08(D). *State v. Pulliam, supra,* at ¶ 2.

{¶9} Subsequent to the issuance of that decision, the Eleventh District Court of Appeals certified a conflict to the Supreme Court of Ohio between itself and the Fourth and Second Districts on the following issue:

> "In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.14(C) in order for its sentence to be authorized by law and thus not appealable?" *State v. Sergent*, 2015-Ohio-2603, 38 N.E.3d 461, ¶ 36 (11th Dist.)

The Supreme Court of Ohio addressed the conflict in *State v. Sergent*, 2016-Ohio-2696, -- N.E.3d --, and answered the question in the negative, finding "that such a sentence is 'authorized by law' and not appealable. Thus, the reasoning we employed in denying this argument in Appellant's direct appeal of this matter has been declared valid and sound.

{¶10} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v.*

*Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus.  Here,

Appellant clearly raised an argument identical to this one in his direct appeal

of this matter.  As such, he is barred under the doctrine of res judicata from

attempting to re-litigate that issue now.  Accordingly, his first assignment of

error is overruled.

ASSIGNMENT OF ERROR II

{¶11} In his second assignment of error, Appellant contends that the

trial court erred in failing to grant his motion for re-sentencing, which

argued that his consecutive sentences were contrary to law as they were

allied offenses of similar import, and that the trial court should have held a

merger hearing.  Appellant specifically contends that the two counts to

which he pled guilty, count three, trafficking in drugs/heroin, and count five,

trafficking in drugs/oxycodone/major drug offender, constituted allied

offenses of similar import which should have merged for purposes of

sentencing.  The State contends that this argument is barred by the doctrine

of res judicata because the argument could have been raised on direct appeal,

but was not.  Once again, we agree with the State.

{¶12} Although this Court has acknowledged that "[a] criminal

defendant has the right to appeal the issue of allied offenses under R.C.

2941.25, even if the defendant entered into a plea bargain and even if the

sentence was an agreed sentence under R.C. 2953.08(D)[,]" the Supreme

Court of Ohio has recently reaffirmed that:

> "when a trial court finds that convictions are not allied offenses of similar import, *or when it fails to make any finding regarding whether the offenses are allied*, imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *State v. Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541, ¶ 38; citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph one of the syllabus. *State v. Williams*, 2016-Ohio-7658, -- N.E.3d--, ¶ 26; relying on *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9. (Emphasis added).

As we have discussed, Appellant already had a direct appeal of his

convictions and sentences.  He raised no arguments in his direct appeal

related to the trial court's failure to hold a merger hearing.  Further, although

he did argue in his direct appeal that the trial court erred in imposing

consecutive sentences, he did not argue that the consecutive sentences were

improper because his offenses were allied offenses of similar import.

{¶13} As set forth above, the doctrine of res judicata "bars a convicted

defendant who was represented by counsel from raising and litigating in any

proceeding, except an appeal from that judgment, any defense or any

claimed lack of due process that was raised or could have been raised by the

defendant at trial, which resulted in that judgment of conviction, or on an

appeal from that judgment." *State v. Szefcyk, supra,* at syllabus.  Because

Appellant failed to raise an allied offenses argument as part of his direct appeal, the argument is barred by the doctrine of res judicata and he cannot raise it now on appeal from the denial of his motion for re-sentencing.  This result is consistent with the result in *State v. Holdcroft, supra,* the reasoning of which was recently reaffirmed in *State v. Williams, supra.*[1]  Accordingly, Appellant's second assignment of error is overruled.[2]

### ASSIGNMENT OF ERROR III

{¶14} In his third assignment of error, Appellant contends that the trial court erred by not making findings as to the major drug offender portion of his sentence, pursuant to R.C. 2929.19 at sentencing.  The State contends that R.C. 2929.19 does not require any specific findings be made before imposing sentence for a major drug offender specification, and points out that Appellant pleaded guilty to the felony that included the major drug offender specification.  The State contends, in the alternative, that this

---

[1] *State v. Williams* held that "imposing separate sentences for allied offenses of similar import is contrary to law.  Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal." *Williams* at ¶ 2.  However, upon further reading of the opinion, the Court limits this holding to situations where "a trial court concludes that the accused has in fact been found guilty of allied offenses of similar import" but then goes on to impose sentences for both offenses. *Williams* at ¶ 29.  The Court contrasts this situation from a scenario where "neither the parties nor the trial court had raised the issue whether the convictions were for allied offenses of similar import" or where "the court had not found that the convictions should merge for purposes of sentencing." *Id.*  The Court reasoned that in the latter scenarios, "the imposition of separate sentences therefore was not contrary to law." *Id.*  The Court also noted its prior statement in *Holdcroft, supra,* at ¶ 8 "that our void sentence jurisprudence does not apply to 'challenges to a sentencing court's determination *whether* offenses are allied.' (Emphasis added)." *Williams* at ¶ 24.

[2] We note that Appellant, under this assignment of error, requested that this Court certify a conflict with regard to the question "whether conviction for trafficking in different types of drugs are allied offenses of similar import."  However, the proper method of seeking certification of a conflict is to file a separate motion to certify a conflict under App.R. 25.

argument is also barred by the doctrine of res judicata. We agree with each and every argument advanced by the State under this assignment of error.

{¶15} We initially conclude that, for essentially the same reason the second assignment of error is barred by res judicata, this argument is also barred by res judicata. The lack of any specific findings as to the mandatory drug offender portion of Appellant's sentence was known to Appellant at the time of his direct appeal. As such, he should have raised the argument at that time. Because it was capable of being raised but was not raised, in accordance with the law and reasoning set forth above, the argument is now barred by the doctrine of res judicata.

{¶16} Further, Appellant has presented us with no authority stating that a trial court's failure to make specific findings prior to imposing sentence on a major drug offender, let alone in the context of an agreed plea and sentence, renders a sentence void, thereby removing it from the application of the principles of res judicata. In the recent Supreme Court of Ohio case of *State v. Williams, supra,* the Court discussed the evolution of its "void sentence jurisprudence," and noted its prior determinations that failure to impose a statutorily mandated term of post-release control, failure to include a mandatory driver's license suspension in the offender's sentence, and failure to include a mandatory fine in the sentence all result in

the sentence being void. *State v. Williams* at ¶ 21; citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 18, 23, 36; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus; *State v. Moore*, 135 Ohio St.3d 151, 2010-Ohio-5479, 985 N.E.2d 432, syllabus. As noted above, the Supreme Court in *Williams* further extended its "void sentence jurisprudence" to scenarios where a trial court determines prior to sentencing that offenses constitute allied offenses of similar import, but then fails to merge them for purposes of sentencing and imposes sentences on all counts. *Williams* at ¶ 29. However, Appellant has presented us with no authority and we are aware of no authority which states a trial court's failure to make findings prior to imposing sentence on a major drug offender specification results in a void sentence. As such, we conclude that the traditional principles of res judicata apply to bar Appellant's argument.

{¶17} Finally, in an abundance of caution, we note that even if res judicata does not apply, at least one court has found that a plea of guilty to a major drug offender specification constituted consent to having the issue determined by a court and not a jury and thus waived any potential objection to judicial fact-finding on the issue. *State v. Newton*, 2nd Dist. Montgomery No. 24154, 2011-Ohio-2186, ¶ 23 (and further reasoning that "[a] plea of

guilty is a complete admission of factual guilt and, accordingly, the defendant's factual guilt is removed from further consideration.) (internal citations omitted). We find this principle to apply, even more so, in the context, where here, Appellant pleaded guilty to the major drug offender specification as part of an agreed plea and sentence. We reached the same result in *State v. Chapple*, a case involving Appellant's co-defendant, in which Chapple argued on direct appeal that the trial court did not make required findings prior to imposing sentence on a major drug offender specification. *State v. Chapple*, 4th Dist. Scioto No. 13CA3591, 2015-Ohio-532, ¶ 19; citing *State v. Rammel*, 2nd Dist. Montgomery Nos. 25899 and 25900, 2014-Ohio-1281, ¶ 10.

{¶18} As such, we find that this argument is barred by both the doctrine of res judicata, as well as the fact that his sentence is not subject to appellate review as it was imposed pursuant to an agreed plea and sentence. Thus, Appellant's third assignment of error is overruled. Accordingly, having found no merit in any of the assignments of error raised by Appellant, the trial court's decision denying Appellant's motion for resentencing is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**