OPINION
{¶ 1} James T. Adams pled guilty in the Clark County Court of Common Pleas to one count of involuntary manslaughter and one count of aggravated robbery, arising out of the robbery of Jeremy Turner and the consequent shooting death of Nicholas McQuirt. Adams was sentenced to eight years of incarceration on each count, to be served consecutively.
 {¶ 2} According to the state's factual statement at the plea hearing, four individuals — James Adams, Dejuan Kemp, William Bibbs, and Nicholas McQuirt — planned the aggravated robbery of Jeremy Turner. On September 24, 2002, Kemp met Turner at an elementary school and drove him to the parking lot of Zion Lutheran Church on the pretext that they would have a drug transaction. Adams, Bibbs and McQuirt hid and waited at the church. After arriving, Turner and Kemp approached the trunk of Kemp's car for the alleged purpose of showing Turner the drugs that were to be inside. In accordance with the plan, when Kemp started to open the trunk, Adams, Bibbs and McQuirt rushed from their hiding place and approached Turner to rob him of the money that they believed that he had brought for the drug transaction. Kemp feigned surprise and fled the scene on foot. Adams produced a firearm and pointed it at Turner. Bibbs and McQuirt assaulted Turner about his head and body with their fists. During the assault, Turner was able to draw a firearm that he had concealed in his waistband, and he fired three shots toward Adams, Bibbs and McQuirt. McQuirt was struck in his right chest area. Adams, Bibbs and McQuirt fled the scene on foot. McQuirt collapsed on the side yard of 1603 Overlook Drive and died a short time afterward from his gunshot wound. Turner also left the church on foot. Subsequently, Kemp returned to the church and left in his vehicle.
 {¶ 3} On October 28, 2002, Adams, Bibbs and Kemp were jointly indicted on two counts of murder with firearm specifications (based on the death of McQuirt), one count of aggravated robbery with a firearm specification, one count of robbery with a firearm specification, and one count of tampering with evidence. Turner was also indicted in a separate case. Adams initially pled not guilty to the charges, and he moved to suppress the statements that he had made to the police. On February 27, 2003, the state moved to sever the cases against Adams, Kemp and Bibbs, based onBruton v. United States (1968), 391 U.S. 123, 88 S.Ct. 1620,20 L.Ed.2d 476. On March 10, 2003, the state filed a motion in limine, requesting that statements regarding Turner's plea negotiations be excluded from the trial. On March 17, 2003, Adams, Kemp and Bibbs each entered a plea of guilty to involuntary manslaughter and aggravated robbery.
 {¶ 4} Adams asserts two assignments of error on appeal.
"A Prosecutor may not separately indict a co-defendant in order to circumvent the sixth amendment right to confrontation and the fourteenth amendment rights to due process and equal protection of the laws."
 {¶ 5} In his first assignment of error, Adams raises a number of "troubling issues." He asserts that the state's motion to sever was untimely filed, and that his co-defendants' statements were in the state's possession from the outset of the case. Adams also complains that Turner was indicted separately from Kemp, Bibbs and him. Adams argues that "[b]y separately indicting a defacto codefendant, the State is trying to utilize that codefendant's statement against the other defendants, which would otherwise be barred by Bruton." Adams claims that by indicting Turner separately, the state "manipulat[ed] the Criminal Rules to thwart the right [to] due process of law and equal protection under the law."
 {¶ 6} Adams' arguments lack merit. In Bruton, a case involving a charge of armed postal robbery, Bruton's co-defendant admitted to the postal inspector that he had committed the crime with Bruton. Evidence of this statement was admitted at trial through the postal inspector's testimony. The supreme court held that the admission at trial of a co-defendant's statement implicating the defendant is prejudicial error where the co-defendant does not take the stand, because the defendant is thereby denied his constitutional right of confrontation.Bruton, 391 U.S. at 125; see State v. Reid, Montgomery App. No. 19352, 2003-Ohio-4087. Following Bruton, the Supreme Court of Ohio has likewise held that "[a]n accused's right of cross-examination secured by the confrontation clause of the Sixth Amendment is violated in a joint trial with a non-testifying codefendant by the admission of extrajudicial statements made by the codefendant inculpating the accused."State v. Moritz (1980), 63 Ohio St.2d 150, 407 N.E.2d 1268, paragraph one of the syllabus; see Reid, supra.
 {¶ 7} In the instant case, the state did not manipulate the Criminal Rules and deny Adams his constitutional rights by indicting Turner separately. Although the law favors avoiding multiple trials, the state is not required to join all defendants in a single indictment. See Crim.R. 8. In light of the fact that Turner was the intended victim of an aggravated robbery by Adams, Bibbs, Kemp and McQuirt, we find no fault with the state's decision to indict him separately from Adams, Bibbs and Kemp. Moreover, where a potential Bruton violation is concerned, the court may sever the cases of co-defendants to avoid the prejudice that a joint trial might cause. Richardson v. Marsh (1987),481 U.S. 200, 209-210, 107 S.Ct. 1702, 95 L.Ed.2d 176; see also Crim.R. 14. Considering that a remedy for a potential Bruton
violation is severance, the state cannot "gut" Bruton by indicting separately.
 {¶ 8} Moreover, "[i]t is axiomatic that in order for aBruton error to occur, a trial must take place." State v.Abuhilwa (Mar. 29, 1995), Summit App. No. 16787. In the present case, Adams and his co-defendants pled guilty prior to trial. Accordingly, no Bruton violation occurred in this case. In addition, at the time of the plea, the court had not ruled on the state's motion to sever and the cases were not, in fact, severed. We therefore presume that the trial court overruled that motion. Consequently, the timeliness of the state's motion to sever is moot.
 {¶ 9} Adams' first assignment of error is overruled.
"A Guilty plea must be vacated where, but for the ineffectiveness of counsel, the plea would not have been made."
 {¶ 10} In his second assignment of error, Adams claims that his counsel was ineffective, because he failed to respond to the state's motion to sever and to the "arbitrary indictment of one of the co-defendants, Jeremy Turner, under a separate case number." As stated above, the court did not rule on the state's motion to sever, and we presume that it was overruled. See Stateex rel. Forsyth v. Brigner (1999), 86 Ohio St.3d 299, 300,714 N.E.2d 922; David May Ministries v. Calicoat (Feb. 25, 2000), Greene App. No. 99-CA-58. In addition, as stated supra, we find no basis to challenge the state's decision to indict Turner separately from Adams, Kemp and Bibbs. Accordingly, Adams suffered no prejudice by his counsel's alleged failure to respond to the motion to sever or to contest the separate indictment of Turner. Adams' claim that his counsel rendered ineffective assistance is without merit.
 {¶ 11} The second assignment of error is overruled.
 {¶ 12} The judgment of conviction will be affirmed.
Fain, P.J. and Brogan, J., concur.