[Cite as *State v. Ulery*, 2011-Ohio-4549.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                                :

    Plaintiff-Appellee                                      :

                                             C.A. CASE NO. 2010 CA 89

v.

                                        :        T.C. NO. 08CR293

JEFFREY S. ULERY                                          :          (Criminal appeal from
                                                                                    Common Pleas Court)
    Defendant-Appellant                                 :

                                                                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___9th___ day of ___September___, 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

P. J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Jeffrey Ulery appeals from the trial court's denial of his Crim.R. 32.1 motion to withdraw his guilty plea to the offense of conspiracy to commit aggravated murder.

{¶ 2} Ulery was indicted in April of 2008 on two counts of conspiracy to commit aggravated murder and one count of attempted aggravated murder.    A jury trial commenced in December of 2008, but a plea agreement was reached prior to completion.    Ulery pled guilty to one count of conspiracy to commit aggravated murder and the remaining charges were dismissed.    Ulery appealed, and his appellate counsel filed an *Anders* brief with two potential assignments of error: (1) ineffective assistance of counsel, and (2) that Ulery did not understand his constitutional rights prior to pleading guilty.

{¶ 3} We affirmed Ulery's conviction on February 5, 2010.    *State v. Ulery*, Clark App. No. 2009 CA-5, 2010-Ohio-376. We held that Ulery received effective assistance of counsel at trial, and that his plea was made knowingly and voluntarily.    Id.    In November of 2009, Ulery filed a motion to withdraw his guilty plea, which was denied by the trial court on August 23, 2010 without a hearing.    It is from this judgment that Ulery now appeals.

{¶ 4} Ulery's single assignment of error states:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 6} Ulery contends that his guilty plea was not knowingly and voluntarily made because he received ineffective assistance of counsel at trial.    He argues that his counsel was deficient in that he did not proceed with the affirmative defense of entrapment, procure a key witness for the defense, or file a motion to suppress certain statements that the defendant made to an informant.    He argues that the trial court should have held a hearing on his claims before ruling on his motion to withdraw his plea.

{¶ 7} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 8} "The distinction between pre-sentence and post-sentence motions to withdraw pleas of guilty or no contest indulges a presumption that post-sentence motions may be motivated by the desire to obtain relief from a sentence the movant believes is unduly harsh and was unexpected.    The presumption is nevertheless rebuttable by showing of a manifest injustice affecting the

plea. 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' The movant has the burden to demonstrate that a manifest injustice occurred." *State v. Brooks*, Montgomery App. No. 23385, 2010-Ohio-1682, ¶8 (internal citations omitted).

{¶ 9} "A trial court is not necessarily required to hold a hearing before deciding a post-sentence withdrawal motion. A hearing is required only if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn." *State v. McComb*, Montgomery App. Nos. 22570, 22571, 2009-Ohio-295, ¶19. "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and a reviewing court will not interfere with that decision absent an abuse of discretion." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, ¶21. "Abuse of discretion" implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *State v. Adams* (1980), 62 Ohio St.2d 151.

{¶ 10} "It is well established by pertinent Ohio case law that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata." *State v. Madrigal*, Lucas App. Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶16 (internal citations omitted). In this case, not only <u>could</u> the issues have been raised, they were specifically addressed.

{¶ 11} In the direct appeal, Appellate counsel filed an *Anders* brief (appellant did not file a pro se brief) and we conducted an independent review. We found that there, "is no arguable merit to the claim that Ulery did not knowingly, intelligently, and voluntarily enter his plea." *Ulery* at ¶9. We also held that the "record manifestly does not support a claim that defense counsel's performance was deficient." Id. at ¶11.

{¶ 12} Under the doctrine of res judicata, "[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Norwood v.*

*McDonald* (1943), 142 Ohio St. 299, paragraph three of the syllabus. "The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1.

{¶ 13} Res judicata bars Ulery from raising ineffective assistance of counsel and whether his plea was knowingly and voluntarily made as grounds to appeal the denial of his Crim.R. 32.1 motion. The trial court did not abuse its discretion in denying Ulery's Crim.R. 32.1 motion without a hearing, since no issues were raised that had not already been adjudicated. Ulery has failed to show a "manifest injustice" requiring his plea to be withdrawn or the trial court to hold a hearing.

{¶ 14} Ulery's assignment of error is overruled. The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and CANNON, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew R. Picek
P. J. Conboy II
Hon. Richard J. O'Neill