[Cite as *State v. Ross*, 2013-Ohio-2766.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                       :

    Plaintiff-Appellee                         :          C.A. CASE NO.    2013 CA 1

v.                                                 :          T.C. NO.    06TRC5151

MARC A. ROSS                                       :          (Criminal appeal from
                                                               Municipal Court)

    Defendant-Appellant                        :

                                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   28th   day of     June    , 2013.

. . . . . . . . . .

ANDREW H. JOHNSTON, Atty. Reg. No. 0088008, Assistant Municipal Prosecutor, Miami County Municipal Court, 215 W. Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

SHAWN P. HOOKS, Atty. Reg. No. 0079100, 131 N. Ludlow Street, Suite 630, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Marc A. Ross appeals from a decision of the Miami

County Municipal Court overruling his motion to vacate his 2006 conviction and sentence for operating a motor vehicle under the influence of alcohol or drugs (OMVI), in violation of R.C. 4511.19(A)(1). On June 1, 2006, Ross pled no contest to the instant offense, and the trial court subsequently found him guilty and sentenced him accordingly.

{¶ 2} On October 18, 2012, Ross filed a motion to vacate his conviction for OMVI in the instant case. An evidentiary hearing was held on December 10, 2012. On December 11, 2012, the trial court issued an entry overruling Ross' motion to vacate his conviction. Ross filed a timely notice of appeal with this Court on January 10, 2013.

{¶ 3} Ross' sole assignment of error is as follows:

{¶ 4} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE MOTION TO VACATE THE CONVICTION WHEN THE EVIDENCE WAS THAT APPELLANT NEVER CHANGED HIS PLEA AND THE TRIAL COURT DID NOT CONDUCT A PLEA COLLOQUY PURSUANT TO CRIM. R. 11 OR OTHERWISE ADVISE HIM OF THE CONSEQUENCES OF A PLEA."

{¶ 5} In his sole assignment, Ross contends that the trial court erred when it overruled his motion to vacate his conviction for OMVI. Specifically, Ross argues that he never changed his initial not guilty plea to a plea of no contest to OMVI. Additonally, Ross asserts that if he did indeed plead no contest, it was to a reduced charge such as reckless operation of a motor vehicle or failure to control, not OMVI. Ross further asserts that the trial court never conducted a plea hearing pursuant to Crim. R. 11 nor was he ever provided a copy of the sentencing entry which stated that he had been found guilty of an OMVI.

{¶ 6} It is within the sound discretion of the trial court to grant or deny a motion to

withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus. We will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. *Id.* at 527, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "The abuse of discretion standard is defined as '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.'" *State v. Boles,* 2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶18, quoting Black's Law Dictionary, Eighth Edition (2004), at 11.

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Citation omitted.) It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

> A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 7} A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty or no contest may be made only before

sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 8} Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522 (2002). "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶ 9} When, as in the case before us, the movant seeks to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice. *Smith*, 49 Ohio St.2d 261, ¶ 1 of the syllabus. A defendant can only establish a manifest injustice in "extraordinary cases." *Id*. at 264. A manifest injustice has been defined by the Ohio Supreme Court as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶ 10} Initially, we note that in two of Ross' arguments, he asserts that 1) he never actually changed his not guilty plea to a no contest plea; and 2) the trial court failed to satisfy the requirements of Crim. R. 11. However, Ross could have advanced either one of these arguments on direct appeal. "Under the doctrine of res judicata, '[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two

actions be identical or different.'" *State v. Ulery*, 2d Dist. Clark No. 2010 CA 89, 2011-Ohio-4549, ¶ 12, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus. Applied in the current context, "'claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata.'" *Id.*, at ¶ 10, quoting *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16. *Accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (saying that "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"). Ross, however, never appealed his conviction and sentence in the instant case. Accordingly, he is precluded from raising the above arguments on appeal from the trial court's denial of his motion to vacate.

{¶ 11} To the extent that Ross argues that he was unaware that he pled no contest to OMVI rather than a lesser offense such as reckless operation of a motor vehicle or failure to control, we find that this claim is not barred by res judicata because given the peculiar facts of the 2006 conviction, it is dependent on matters outside the record. Conversely, we find that Ross' assertion regarding his perception of the plea agreement is totally undermined by the trial court's determination that his testimony at the hearing on the motion to vacate was not credible. Specifically, the trial court stated as follows:

> All right. Well I have to say that first of all I am overruling your motion. I agree with the State's position 100 percent that the Defendant in this case I [sic] did not find your testimony to be credible, you had the advice of three

separate lawyers during the course of this event. It um defies logic that you had no idea what you are pleading to especially since you're trying to imply that it was just going to go away when there was an OVI, an underage consumption was dismissed as well as a driving under suspension. *** I want to reiterate that I didn't find your testimony to be credible because I - A) Because you had advice from three separate lawyers, that you pretended in my opinion to not understand why you were treated with - as a second offender when you had two additional OVI's pending and that your explanation again defied logic and that now when you're looking at a felony conviction because you have three prior convictions for driving under OVI, you're saying oh hey wait, six years ago, I – I had no idea what I was doing. And um, I don't find that to be credible. *** [O]n June 1, 2006, you were convicted of an OVI by [sic] you entered a plea I should say of No Contest and were found Guilty by Judge Kemmer and there's a sentencing entry to prove that not only were you represented by by an experienced and competent local attorney as well as a signed sentencing entry from Judge Kemmer. So, motion overruled.

{¶ 12} Upon review, we conclude that the trial court did not abuse its discretion when it overruled Ross' motion to vacate his no contest plea because he allegedly did not know that he was pleading to an OMVI rather than a lesser offense. The trial court found Ross' testimony in this regard to defy credulity. Credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. We will not

substitute our judgment for that of the trial court. Accordingly, we find that pursuant to Crim. R. 32.1, no manifest injustice occurred, and the trial court did not err when it overruled Ross' motion to vacate.

{¶ 13}   Ross' sole assignment of error is overruled.

{¶ 14}   Ross' sole assignment having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew H. Johnston
Shawn P. Hooks
Hon. Elizabeth S. Gutmann