[Cite as *State v. Ulery*, 2013-Ohio-4249.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                              :
                                                          :     Appellate Case No. 2012-CA-81
      Plaintiff-Appellee                         :
                                                          :     Trial Court Case No. 2008-CR-293
v.                                                        :
                                                          :
JEFFREY ULERY                                             :     (Criminal Appeal from
                                                          :      Common Pleas Court)
      Defendant-Appellant                        :
                                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia
Street, 4th Floor, Post Office Box 1608, Springfield, OH 45501
      Attorney for Plaintiff-Appellee

SARAH M. SCHREGARDUS, Atty. Reg. #0080932, Kura, Wilford & Schregardus Co., L.P.A.,
492 City Park Avenue, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     Jeffrey Ulery appeals from the trial court's denial of his petition for
post-conviction relief without an evidentiary hearing.

{¶ 2} Ulery advances three assignments of error on appeal. First, he contends the trial court erred in denying the petition on the basis of res judicata. Second, he claims the trial court erred in denying the petition on the basis of waiver. Third, he argues that the trial court erred in denying the petition without an evidentiary hearing.

{¶ 3} The record reflects that Ulery pled guilty to one count of conspiracy to commit aggravated murder as part of a plea agreement. He received a four-year prison sentence. This court affirmed the conviction and sentence in an *Anders* appeal. *See State v. Ulery*, 2d Dist. Clark No. 2009-CA-5, 2010-Ohio-376 (*Ulery I*). Thereafter, Ulery moved to withdraw his guilty plea. The trial court denied the motion, and this court affirmed. *See State v. Ulery*, 2d Dist. Clark No. 2010-CA-89, 2011-Ohio-4549 (*Ulery II*).

{¶ 4} On January 7, 2010, Ulery filed an R.C. 2953.21 post-conviction relief petition, raising eight grounds for relief. The trial court denied the petition without a hearing. It found that res judicata barred each of his claims. It also found that his guilty plea waived most of the errors he alleged. Finally, the trial court found that Ulery's claims failed because they were unsupported by sufficient evidentiary materials.

{¶ 5} On appeal, Ulery challenges the trial court's ruling only with regard to some of the grounds for relief he raised. First, he contends res judicata does not bar a post-conviction claim that he pled guilty only because his attorney incorrectly advised him that an entrapment defense was questionable. (Appellant's brief at 4-5). The post-conviction record contains a letter from Ulery's counsel with this explanation for his advice: "I did not know whether or not the judge would give my requested jury instruction on entrapment, particularly on the issue of 'agency by ratification.' Because I believe that you were almost certain to be convicted if the judge did not give the instruction, uncertainty on that issue counseled in favor of a negotiated

plea."[1]

{¶ 6}  Upon review, we find no error in the trial court's ruling that res judicata barred Ulery from pursuing post-conviction relief based on the failure to pursue an entrapment defense. In affirming the trial court's earlier denial of Ulery's post-sentence motion to withdraw his guilty plea, this court previously addressed the failure to pursue an entrapment defense and found no ineffective assistance of counsel. *See Ulery II* at ¶6-13. We reach the same conclusion now in the context of his   post-conviction relief petition.

{¶ 7}  Ulery next challenges the trial court's denial of post-conviction relief on the basis of trial counsel's failure "to pursue certain investigations and ensure that a proper defense could be presented by way of compelling the attendance of helpful witnesses." (Appellant's brief at 7). But a guilty plea necessarily waives a claim that counsel failed to investigate the case. *See*, *e.g.*, *State v. Crawford*, 6th Dist. Huron No. H-84-20, 1985 WL 7141, *5 (May 31, 1985).  It also waives a claim concerning compulsory attendance of witnesses. In fact, Ulery expressly waived his right to compulsory process as part of his guilty plea. (Plea form, Doc. #27 at 2). Although he complains about certain witnesses his attorney failed to subpoena, his guilty plea waived his ability to raise the issue.

{¶ 8}  Finally, Ulery claims the trial court erred in denying post-conviction relief on the basis that his attorney improperly advised him about his potential sentence. Specifically, he contends he pled guilty because his attorney incorrectly warned him he faced a potential twenty-year prison sentence. He argues that, in reality, he faced only a potential ten-year sentence

---

[1] We note that the same letter was Exhibit B to Ulery's Motion for Leave to Withdraw Guilty Pleas which was attached to his other filings made November 6, 2009. The denial of the Motion for Leave To Withdraw was affirmed in *Ulery II.*

due to the allegedly required merger of certain counts. Ulery asserts that his attorney's erroneous advice about a twenty-year sentence constituted ineffective assistance of counsel, induced him to plead guilty, and warranted post-conviction relief.

{¶ 9} We again note, however, that Ulery raised this same argument in his failed motion to withdraw his guilty plea. That motion was accompanied by an affidavit of indigency and various exhibits filed on November 6, 2009. In his motion to withdraw his guilty plea, Ulery argued that he pled guilty only  because his attorney incorrectly told him he faced a twenty-year sentence when, in reality, he could have received only a ten-year sentence due to merger of allied offenses. Ulery supported the motion with largely the same evidentiary materials upon which he relied in his post-conviction relief petition.  The trial court overruled Ulery's plea-withdrawal motion on August 23, 2010.  (Doc. #44).  As set forth above, this court affirmed that ruling. Ulery cannot now relitigate the same issue in a post-conviction relief petition in the hopes of obtaining a different result. Therefore, the trial court correctly denied post-conviction relief without conducting an evidentiary hearing.

{¶ 10} Ulery's assignments of error are overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.


Copies mailed to:

Lisa M. Fannin
Sarah M. Schregardus
Hon. Thomas C. Nurre
(Sitting for Judge Richard J. O'Neill)