[Cite as *State v. Adams*, 2014-Ohio-5359.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-61 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 02-CR-766 |
| v. | : | |
| | : | |
| JAMES T. ADAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of December, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JAMES T. ADAMS, #446-354, Madison Correctional Institution, 1851 State Route 56, Post Office Box 760, London, Ohio 43140
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant, James T. Adams, appeals, pro se, from an order denying his post-conviction motion to withdraw his guilty plea.   Adams contends that the trial court erred when it failed to conduct a hearing, and failed to make findings of fact and conclusions of law in the order overruling his motion.   Adams further contends that the trial court failed to consider his argument of ineffective assistance of counsel as grounds for the motion.

{¶ 2}     The issues in the current appeal are identical to the issues raised by the co-defendant, DeJuan Kemp, that were rejected by this Court in *State v. Kemp*, 2d Dist. Clark No. 2014-CA-32, 2014-Ohio-4607.

{¶ 3}     We conclude that the trial court did not abuse its discretion in overruling Adams's motion without conducting a hearing or issuing findings of fact and conclusions of law. We also conclude that Adams failed to present sufficient evidentiary materials to raise any operative facts from which the court could find ineffective assistance of counsel. Accordingly, the judgment of the trial court is Affirmed.

## 1. The Course of Proceedings

{¶ 4}     In 2003, Adams pled guilty to one count of Aggravated Robbery and one count of Involuntary Manslaughter, both felonies of the first degree. He was sentenced to serve eight years for each offense, to be served consecutively, for a total of sixteen years imprisonment.   The sentencing entry specifically stated that pursuant to a plea agreement, Adams and the State had agreed to the sixteen-year sentence.   We affirmed Adams's conviction, overruling two assignments of error, including ineffective assistance of counsel. *State v. Adams*, 2d Dist. Clark No. 2003-CA-32, 2004-Ohio-2958. The facts that led to the

conviction are outlined in this Court's decision of Adam's first appeal, as follows:

According to the state's factual statement at the plea hearing, four individuals-James Adams, Dejuan Kemp, William Bibbs, and Nicholas McQuirt-planned the aggravated robbery of Jeremy Turner. On September 24, 2002, Kemp met Turner at an elementary school and drove him to the parking lot of Zion Lutheran Church on the pretext that they would have a drug transaction. Adams, Bibbs and McQuirt hid and waited at the church. After arriving, Turner and Kemp approached the trunk of Kemp's car for the alleged purpose of showing Turner the drugs that were to be inside. In accordance with the plan, when Kemp started to open the trunk, Adams, Bibbs and McQuirt rushed from their hiding place and approached Turner to rob him of the money that they believed that he had brought for the drug transaction. Kemp feigned surprise and fled the scene on foot. Adams produced a firearm and pointed it at Turner. Bibbs and McQuirt assaulted Turner about his head and body with their fists. During the assault, Turner was able to draw a firearm that he had concealed in his waistband, and he fired three shots toward Adams, Bibbs and McQuirt. McQuirt was struck in his right chest area. Adams, Bibbs and McQuirt fled the scene on foot. McQuirt collapsed on the side yard of 1603 Overlook Drive and died a short time afterward from his gunshot wound. Turner also left the church on foot. Subsequently, Kemp returned to the church and left in his vehicle. On October 28, 2002, Adams, Bibbs and Kemp were jointly indicted on two counts of murder with firearm specifications (based on the death of McQuirt), one count of aggravated robbery with a firearm specification, one count of robbery with a firearm specification, and one count of tampering with evidence. Turner was also indicted in a separate case. Adams initially pled not guilty to the charges, and he moved to suppress the statements that he had made to the police. On February 27, 2003, the state moved to sever the

cases against Adams, Kemp and Bibbs, based on *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. On March 10, 2003, the state filed a motion in limine, requesting that statements regarding Turner's plea negotiations be excluded from the trial. On March 17, 2003, Adams, Kemp and Bibbs each entered a plea of guilty to involuntary manslaughter and aggravated robbery.

*Adams* at ¶ 2-3.

{¶ 5}     On April 29, 2004, while his first appeal was pending, Adams filed a petition for post-conviction release, through an attorney, and the State filed a response on July 1, 2004. The record does not contain any decision ruling on this motion.   The docket reflects that two entries denying motions for post-conviction release were recorded on Oct. 5, 2006, but these two entries address motions filed by co-defendants, DeJuan Kemp and William Bibbs.   Adams has filed three post-conviction motions for judicial release that have been overruled.   Adams filed a post-conviction motion to withdraw his guilty plea pursuant to Crim. R. 32.1 on March 17, 2014.

{¶ 6}     In his motion to withdraw his plea, Adams raised three grounds for the requested relief. First, Adams contended that his plea was not made knowingly, intelligently or voluntarily. Second, Adams contended that he was deprived of effective assistance of counsel. Third, Adams contended that manifest injustice demands that his plea be set aside.

{¶ 7}     On April 8, 2014, without conducting a hearing, the trial court denied Adams's motion to withdraw his guilty plea and made specific findings as follows:

>    1. that the defendant was represented by experienced and competent counsel.

2. that the defendant was carefully and completely reviewed with [sic] his rights with regard to the offenses charged.

3. that the defendant was questioned by this Court whether he understood his rights; whether he desired to give them up or continue to Jury Trial;

4. whether he was freely and voluntarily entering the guilty pleas to involuntary manslaughter and aggravated robbery and by entering such pleas he was admitting that he committed the offenses.

{¶ 8} Based on these findings, the trial court found that Adams entered his pleas knowingly, intelligently, and voluntarily, and there was no manifest injustice when the court accepted the pleas. The trial court further noted that Adams offered no evidence to support his allegation of ineffective assistance of counsel.

{¶ 9} From the order of the trial court overruling Adams's motion to withdraw his guilty plea, Adams appeals.

### II.  The Trial Court is Not Required to Make Findings of Fact and Conclusions of Law When Denying a Motion to Withdraw a Plea

{¶ 10} Adams's First Assignment of Error states as follows:

THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS AS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, AS WELL AS ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, WHERE THE COURT BELOW FAILED TO MAKE AND FILE ANY WRITTEN FINDINGS OF FACT AND

CONCLUSIONS OF LAW TO ITS FINAL JUDGMENT.

{¶ 11} Initially, we note that although the entry denying Adams's motion did not use titles to separate and designate "findings of fact" and "conclusions of law," the trial court did in fact explain the basis upon which it decided that Adams was not entitled to withdraw his plea. Furthermore, we have held that Crim. R. 32.1 does not require the trial court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a plea. *State v. Ogletree*, 2d Dist. Clark No. 14-CA-16, 2014-Ohio-3431, ¶ 7, quoting *State ex rel. Chavis v. Griffin*, 91 Ohio St. 3d 50, 741 N.E.2d 130 (2001). *See also, State v. Walz*, 2d Dist. Montgomery No. 26131, 2014-Ohio-4712. Accordingly, this assignment of error is without merit.

{¶ 12} Adams's First Assignment of Error is overruled.

### III. The Trial Court Is Not Required to Conduct an
### Evidentiary Hearing on a Motion to Withdraw a Plea

{¶ 13} Adams's Second Assignment of Error states as follows:

IT WAS PREJUDICIAL ERROR IN VIOLATION OF DEFENDANT-APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTION FOR THE TRIAL COURT TO SUMMARILY DISMISS THE MOTION TO WITHDRAW GUILTY PLEA WITHOUT FIRST ORDERING AND CONDUCTING AN EVIDENTIARY HEARING BEFORE ENTERING JUDGMENT.

{¶ 14} We have held that a trial court is not required to conduct an evidentiary hearing on a post-conviction motion to withdraw a plea. *Ogletree* at ¶ 11. We have explained that an evidentiary hearing on a motion to withdraw is only necessary when the movant demonstrates a

"reasonable likelihood" that a withdrawal of the plea is required to correct a "manifest injustice".

*Ogletree* at ¶ 13. To establish "manifest injustice," the movant must point to specific facts in the record, or provide other evidentiary support that reveals a "fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8. Adams did not cite to any part of the record, and did not provide any other evidentiary support to identify any specific flaw in the proceedings that he was prevented from raising in any post-conviction motion or appeal. Accordingly, Adams had not met his burden of demonstrating the existence of manifest injustice, which he was required to meet before being entitled to an evidentiary hearing.

**{¶ 15}** Adams's Second Assignment of Error is Overruled.

## IV. Adams's Claim of Ineffective Assistance of Counsel
## Is Barred by Res Judicata.

**{¶ 16}** Adams's Third Assignment of Error states as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHERE THE COURT FAILED TO FIND THAT APPELLANT'S CLAIMS HAD MERIT IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW GUARANTEED BY THE OHIO AND U.S. CONSTITUTION.

**{¶ 17}** In his first appeal, Adams raised a claim of ineffective assistance of counsel. In this appeal, Adams alleges that he did not knowingly, intelligently and voluntarily tender his plea,

because his defense attorney failed to object to the imposition of consecutive sentences for his conviction of two first-degree felonies.

**{¶ 18}** The doctrine of res judicata prevents this Court from revisiting the issues raised in Adams's original appeal. We have recognized that "it is well established by pertinent Ohio case law that claims submitted in support of a Crim.R. 32.1 motion to withdraw a plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata." *State v. Ulery*, 2d Dist. Clark No. 2010-CA-89, 2011-Ohio-4549, ¶ 12. See also, *State v. Ross,* 2d Dist. Miami No. 2013-CA-1, 2013-Ohio-2766, ¶ 10.

**{¶ 19}** As we discussed in the appeal of Adams's co-defendant, it was not unjust for the trial court to impose consecutive sentences for two first-degree felonies, "especially where the parties agreed to the imposition of such sentences and stipulated to any findings required to support such sentences." *Kemp* at ¶ 14. "An agreed sentence constitutes a waiver of the statutory sentencing factors, since these are applicable where the court determines the sentence." *Id.* citing *State v. Gibson*, 8 th Dist. Cuyahoga No. 83069, 2004-Ohio-3112.

**{¶ 20}** Furthermore, the ineffective assistance Adams asserts with respect to the sentencing hearing did not affect the knowing and voluntary nature of his plea, which he seeks to withdraw. Based on the record, we find no unjust circumstances from which to justify the reopening of Adams's claim for ineffective assistance of counsel.

**{¶ 21}** Adams's Third Assignment of Error is overruled.

## V. Conclusion

**{¶ 22}** All of Adams's assignments of error having been overruled, the judgment of the

trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
James T. Adams
Hon. Douglas M. Rastatter