[Cite as *State v. Rose*, 2017-Ohio-4235.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-L-067** |
| - vs - | : | |
| JOSEPH W. ROSE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000031.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Anita B. Staley*, Barthol & Staley, L.P.A., 7327 Center Street, Mentor, OH 44060 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Joseph W. Rose, Jr., appeals from the June 1, 2016 agreed judgment entry of amended sentence, which was entered by the Lake County Court of Common Pleas following this court's remand order.  For the following reasons, the judgment of the trial court is affirmed.

{¶2}   On January 21, 2014, appellant was indicted on seven counts: Count 1, receiving stolen property (a license plate), a fifth-degree felony in violation of R.C.

2913.51(A); Count 2, aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) with a repeat violent offender specification; Count 3, robbery, a second-degree felony in violation of R.C. 2911.02(A)(2), with a repeat violent offender specification; Count 4, robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); Count 5, receiving stolen property (a 1995 Plymouth Voyager minivan), a fourth-degree felony in violation of R.C. 2913.51(A); Count 6, receiving stolen property (a 2000 Dodge Durango), a fourth-degree felony in violation of R.C. 2913.51(A); and Count 7, illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1).

{¶3} Appellant pled not guilty to all charges. Count 7 was dismissed at the request of the state prior to trial. The remaining counts were tried before a jury.

{¶4} The jury found appellant guilty of three counts of receiving stolen property and one count of robbery. Appellant was found not guilty of the remaining charges. He was sentenced to 12 months in prison on Count 1 (receiving a stolen license plate); 36 months in prison on Count 4 (robbery); 18 months in prison on Count 5 (receiving a stolen Plymouth minivan); and 18 months in prison on Count 6 (receiving a stolen Dodge Durango). The trial court ordered the sentences to be served consecutive to each other for a total of 84 months in prison.

{¶5} Appellant timely appealed the sentencing order. We reversed the finding of guilt on Count 1, receiving stolen property (license plate), due to trial counsel's failure to object to inadmissible hearsay testimony that was presented in violation of his constitutional right to confront the witnesses against him. *State v. Rose*, 11th Dist. Lake No. 2014-L-086, 2015-Ohio-2607, ¶11-30. The matter was remanded for further

2

proceedings with respect to Count 1. *Id.* at ¶44. In all other respects, the trial court's judgment was affirmed. *Id.*

{¶6} On June 1, 2016, the trial court entered an "Agreed Judgment Entry of Amended Sentence." The entry had been prepared by the prosecuting attorney, at the direction of the trial court, on May 31, 2016. The entry, states, in pertinent part:

> The Lake County Prosecuting Attorney, Charles E. Coulson, by and through Karen A. Sheppert, Assistant Prosecuting Attorney, on behalf of the State of Ohio, has represented that the State will not be pursuing prosecution of the Defendant, Joseph W. Rose, Jr., on Count 1. The State and the Defendant, represented by counsel, Vanessa R. Clapp, Assistant Public Defender, agree that the Defendant's judgment entry of sentence, filed July 31, 2014, will be amended as follows.

The entry deletes reference to the finding of guilt and sentence on Count 1. The entry also provides, "[a]s to Counts 5 and 6, the Court further finds that the Defendant committed the offenses as part of an organized criminal activity[.]" This provision had previously included Count 1 as part of the organized criminal activity.

{¶7} The trial court recited the sentence on the remaining counts without any other change from the court's original sentencing entry. As a result, appellant remained sentenced to 36 months in prison on Count 4, 18 months in prison on Count 5, and 18 months in prison on Count 6, for a total of 72 months.

{¶8} Appellant filed a timely notice of appeal from this entry and raised three assignments of error for our review.

{¶9} A review of the docket revealed the state had not moved to nolle Count 1 of the indictment nor was Count 1 dismissed by the trial court. Thus, the trial court's June 1, 2016 entry was not a final, appealable order. We remanded the matter to the trial court for the sole purpose of disposing of Count 1 of the indictment. On remand,

the state entered a nolle prosequi on Count 1 of the indictment, which was accepted by the trial court, and the case was refiled in this court.

**{¶10}** Appellant's first assignment of error states:

**{¶11}** "The trial court failed to comply with Criminal Rule 32 when resentencing the appellant after the Court of Appeals reversed and remanded for proceedings consistent with its decision."

**{¶12}** Appellant asserts the trial court did not comply with Crim.R. 32 because it resentenced appellant without holding a hearing and giving appellant the opportunity to speak.

**{¶13}** Crim.R. 32(A)(1) provides: "At the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." A trial court is required to afford this same opportunity to the defendant when an appellate court remands a case for resentencing. *See, e.g.*, *State v. Steimle*, 8th Dist. Cuyahoga Nos. 79154 & 79155, 2002-Ohio-2238, ¶14-16.

**{¶14}** In our opinion on appellant's direct appeal, we held appellant was prejudiced by trial counsel's failure to object to inadmissible hearsay testimony in violation of appellant's constitutional right to confront witnesses against him. *Rose*, *supra*, at ¶24. That hearsay testimony was the only evidence presented by the state in support of Count 1. *Id.* at ¶28. This was a trial error, not a sentencing error. Thus, appellant's assertion that his appeal was remanded for resentencing is inaccurate; it

4

was remanded for the trial court to cure the trial error that occurred with regard to the finding of guilt on Count 1.

{¶15} "'The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels.'" *State v. Ulery,* 2d Dist. Clark No. 2010 CA 89, 2011-Ohio-4549, ¶12, quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3 (1984). "'The doctrine functions to compel trial courts to follow the mandates of reviewing courts.'" *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, & 26983, 2016-Ohio-4897, ¶16, quoting *Blust v. Lamar Advertising of Mobile, Inc.,* 183 Ohio App.3d 478, 2009-Ohio-3947, ¶10 (2d Dist.). *See also Brook Park v. Necak*, 30 Ohio App.3d 118, 120 (8th Dist.1986) ("Ohio courts have no authority to reconsider their own valid final judgments in criminal cases").

{¶16} Our mandate to the trial court was to revisit the finding of guilt on Count 1. The trial court had no authority to resentence appellant on remand from this court unless further proceedings resulted in a finding of guilt on Count 1. The remainder of appellant's convictions had been affirmed by this court on direct appeal. *Rose, supra,* at ¶44. Thus, a resentencing hearing was not held nor was it required to be held on the remaining counts. *See generally State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245 (explaining why the "sentencing package doctrine" has no application in Ohio). Because the state chose not to pursue a conviction on Count 1, the count was dismissed and the sentencing entry was properly amended.

{¶17} The trial court was not required to afford appellant an opportunity to speak at a hearing, pursuant to Crim.R. 32, because appellant was not resentenced.

{¶18} Appellant's first assignment of error is without merit.

{¶19} Appellant's second and third assignments of error state:

[2.] The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of 72-months imprisonment in that the prison term is excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B), and is not necessary to protect the public.

[3.] The trial court abused its discretion to the prejudice of appellant by imposing a maximum prison term, when consideration of the factors in 2929.12 tended to favor a lesser sentence.

{¶20} "[A]ny issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings." *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶21} The proper time for appellant to raise these arguments was in his direct appeal from the trial court's judgment of conviction. He did not do so, and the trial court did not resentence appellant following our remand. Appellant's arguments are now barred by the doctrine of res judicata.

{¶22} Appellant's second and third assignments of error are without merit.

{¶23} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

6