[Cite as *State v. Potts*, 2018-Ohio-2074.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2017-T-0089** <br> **2017-T-0090** |
| REGGIE L. POTTS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Trumbull County Court of Common Pleas.
Case Nos. 93 CR 360 & 94 CR 159.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor; *Diane Barber* and *Ashleigh Musick*, Assistant Prosecutors, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Matthew O. Williams*, 21055 Lorain Avenue, Cleveland, OH 44126 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Reggie L. Potts, appeals from the August 21, 2017 judgment of the Trumbull County Court of Common Pleas, denying appellant's applications to seal his record of convictions in case Nos. 1993 CR 360 and 1994 CR 159, which were consolidated for review.  The judgment is affirmed.

{¶2}    Appellant was the Bazetta Township Chief of Police from 1978 until 1993. In 1993, appellant was indicted on four counts for misconduct related to his position as

Chief of Police (case No. 1993 CR 00360). A jury found appellant guilty of Counts Three and Four: Theft in Office, a third-degree felony in violation of R.C. 2921.41(A)(2), which occurred on or about August 9, 1987; and Falsification, a first-degree misdemeanor in violation of R.C. 2921.13(A)(5), which occurred on or about October 17, 1989.

{¶3} Appellant was indicted a second time in 1994 on two counts related to his position as Chief of Police (case No. 1994 CR 00159). Appellant pled guilty to a reduced charge of Tampering with Records, a first-degree misdemeanor in violation of R.C. 2913.42(A)(1), which occurred on or about January 1, 1991, through March 1992; the second count was dismissed.

{¶4} Appellant was sentenced in both cases on December 12, 1994. In the 1993 case, appellant was sentenced to a combined 18 months in prison and fined $1,000.00. The trial court suspended the prison sentence, and appellant was placed on probation for five years with the special condition that he serve 60 days of house arrest. The conviction was affirmed in *State v. Potts*, 11th Dist. Trumbull No. 95-T-5182, 1996 WL 297006 (May 10, 1996) ("*Potts I*"). In the 1994 case, appellant was sentenced to six months in jail and fined $1,000.00. The trial court suspended the jail sentence, and appellant was placed on probation for two years with the special condition that he serve 60 days of house arrest. The sentence was run concurrently with the sentence imposed in the 1993 case. Appellant's probation was terminated on November 7, 1997.

{¶5} After completing his probation, in 2000, appellant moved to have the record of these convictions sealed. The trial court ordered the records sealed based on its finding that the three convictions were all part of the same act because they were investigated at the same time and they all occurred in relation to appellant's employment

2

as Chief of Police. The state of Ohio appealed that decision, and this court reversed the trial court's judgment in *State v. Potts*, 11th Dist. Trumbull Nos. 2001-T-0016 & 2001-T-0017, 2001 WL 1647209 (Dec. 21, 2001) ("*Potts II*").

{¶6} At the time of his 2000 application, R.C. 2953.32(A)(1) provided, in pertinent part: "Except as provided in section 2953.61 of the Revised Code, a *first offender* may apply to the sentencing court if convicted in this state * * * for the sealing of the conviction record." (Emphasis added.) The definition of "first offender" was found in former R.C. 2953.31(A):

> 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶7} This court held that appellant was not a "first offender" because he was convicted of three distinct offenses that did not involve the same act and were not committed at the same time. *Potts II*, *supra*, at *3. The following analysis was used in reaching this conclusion:

> The three convictions in this case are not related enough to be considered the same offense. The only connection between these crimes is that they were all committed in relation to Potts' employment. The crimes Potts committed occurred first in 1987, then in 1989, and finally over a period of time in 1991-1992. There is nearly five years separating these offenses. The first offense

3

involved lending a loaned car, with undercover license plates issued to the police department, to a friend for an out-of-state trip. This offense is in no way related to the second offense, falsifying a document, by asserting an individual worked at the Bazetta Police Department, which was an untrue statement. Neither of these first two offenses have anything to do with the final conviction, tampering with the drug unit records.

*Id.* The trial court's judgment was reversed, and the record of appellant's convictions remained unsealed.

{¶8} Relevant to the instant appeal, on June 22, 2017, appellant again filed applications in both cases to seal the record of his convictions. Appellee, the state of Ohio, responded in opposition that appellant is not eligible to have his records sealed based on the definition of "eligible offender" found in the revised statute.

{¶9} "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶10} R.C. 2953.32(A)(1) now, and at the time of appellant's 2017 application, provides, in pertinent part: "Except as provided in section 2953.61 of the Revised Code, an *eligible offender* may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction." (Emphasis added.) The definition of "eligible offender" is found in current R.C. 2953.31(A):

> 'Eligible offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from

4

related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶11} Accordingly, appellant remained ineligible to have his records sealed unless at least two of his three convictions (one felony and two misdemeanors) are considered as one conviction under one of the circumstances listed in R.C. 2953.31(A).

{¶12} The trial court denied appellant's applications based on its conclusion that appellant remains ineligible and that it, therefore, lacks jurisdiction to consider them. The trial court stated that, although the analysis in this court's *Potts II* opinion related to a former version of the statute, the reasoning remains the same, and it adopted that reasoning. In short, the trial court concluded the offenses were separate, distinct crimes and were not committed within a three-month period of each other.

{¶13} Appellant noticed a timely appeal and asserts two assignments of error:

[1.] The trial court erred and prejudiced Appellant by concluding this Honorable Court's Holding in [*Potts II*] denies the Trial Court jurisdiction to grant Appellant's second application to seal his records.

[2.] The Trial Court erred and prejudiced Appellant by concluding his convictions in [1993 CR 360] cannot be counted together the present definition of 'eligible offender' as stated in R.C. 2953.32(A) [sic].

Appellant argues the trial court erred in making the preliminary determination that appellant was not eligible for expungement based on the statutory requirements.

{¶14} "Our beginning principle is that expungement is a state-created act of grace and 'is a privilege, not a right.' *State v. Simon*, 87 Ohio St.3d 531, 533 (2000). A trial court may only grant expungement when an applicant meets all of the statutory

5

requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996)." *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶10; *see also State v. Pollard*, 11th Dist. Ashtabula No. 2016-A-0004, 2016-Ohio-4744, ¶11-12.

{¶15} "The trial court's preliminary determination as to whether the statutory eligibility requirements for sealing a conviction apply is a question of law that this court reviews de novo." *State v. Widener*, 2d Dist. Miami No. 2013 CA 29, 2014-Ohio-333, ¶8 (citations omitted); *see also State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶6.

{¶16} Appellant's first assignment of error states the trial court concluded that our opinion in *Potts II* denied it jurisdiction to consider the applications. This is a misstatement of the trial court's conclusion, which actually held it lacked jurisdiction to consider the applications because appellant is ineligible under the statute. To the extent appellant is arguing the trial court erred in adopting the analysis in *Potts II* in reaching that conclusion, the assignment of error is not well taken.

{¶17} In *Potts II*, this court applied a former version of the statute that has since been revised by eliminating the requirement that an applicant be a true "first offender" and, instead, permitting a broader class of "eligible offenders" to apply for expungement. The decision in *Potts II*, however, was based on a portion of R.C. 2953.31(A) that has remained unchanged during the statutory revisions, to wit: "When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." Thus, contrary to appellant's assertion, the relevant portion of the statute, as written today, *did* exist at the time appellant applied for expungement in 2000.

**{¶18}** This court's application of that portion of the statute, which has remained unchanged, to appellant's 1993 and 1994 convictions remains the law of the case. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("[T]he [law of the case] doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."); *see also State v. Rose*, 11th Dist. Lake No. 2016-L-067, 2017-Ohio-4235, ¶15.

**{¶19}** Appellant's first assignment of error is without merit.

**{¶20}** Under his second assignment of error, appellant argues the trial court erred by not considering the felony conviction and misdemeanor conviction in 1993 CR 360 as a single conviction for purposes of eligibility.

**{¶21}** Initially, appellant correctly asserts this is a question of law subject to de novo review. He then asserts, however, that "[t]he trial court had the *discretion* to count the applicant's convictions in *case No. 94-CR-154* as a single conviction rendering the applicant an eligible offender." (Emphasis added.) This assertion is meritless, as the initial determination of eligibility is not discretionary. Additionally, there was only one conviction in the 1994 case. We can only assume this is an inadvertent error and will proceed with the argument as it pertains to the convictions in the 1993 case, as stated in the assignment of error.

**{¶22}** Nevertheless, the argument is not well taken. As held above, it is the law of the case that the convictions in the 1993 case did not "result from" the same act, were not "connected with the same act," and did not "result from offenses committed at the same time." *See* R.C. 2953.31(A). Additionally, the offenses in the 1993 case "were not

7

committed within a three-month period"; they were committed over two years apart. *See id.*

{¶23} Appellant argues the statute is ambiguous and should not be read in the conjunctive, as it is written. In other words, appellant would have us read an "or" where the legislature inserted an "and." His preferred drafting of the statute would read as follows: "When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, **[OR]** result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction[.]"

{¶24} "The cornerstone of statutory interpretation is legislative intention. In order to determine legislative intent it is a cardinal rule of statutory construction that a court must first look to the language of the statute itself. 'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.'" *State v. Evankovich*, 7th Dist. Mahoning No. 09 MA 168, 2010-Ohio-3157, ¶6, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996) (internal citations omitted). To determine legislative intent, courts are duty-bound to give effect to the words used in the statute—not to delete words or insert words. *Id.* at ¶7, citing *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.*, 58 Ohio St.2d 1, 4 (1979).

{¶25} Appellant's ambiguity argument is entirely untenable. The statute is clear and unambiguous, and there is no basis for this court, in contravention of the legislature, to unilaterally delete the word "and" in order to insert the word "or" at appellant's behest.

8

{¶26}  Appellant's second assignment of error is without merit.

{¶27}  We conclude the trial court did not err in determining appellant was not an "eligible offender" as defined in R.C. 2953.31(A).  Therefore, the trial court did not have discretion to consider appellant's applications to seal his record of convictions.

{¶28}  The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.